IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IPA TECHNOLOGIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-318 (RGA) (SRF) |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GOOGLE LLC'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO STAY PENDING *INTER PARTES* REVIEW**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendant Google LLC*

OF COUNSEL:

Michael C. Hendershot
Evan McLean
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

December 18, 2019

## TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF PROCEEDING ...................................................................... 1

II. SUMMARY OF ARGUMENT ........................................................................................... 2

III. BACKGROUND ................................................................................................................. 3

IV. Legal Standard .................................................................................................................... 5

V. Argument ............................................................................................................................ 5

    A.    First Factor:  A Stay Will Resolve the Case or Simplify the Issues for Trial ....................................................................................................................... 5

        1.    Statistically, The Vast Majority Of Instituted IPRs Result In Claim Cancellation ...................................................................................... 7

        2.    The Challenged Claims Will Also Substantially Simplify the Issues Concerning the Remaining Non-Challenged Claims Because They Are Duplicative and Contain Common Claim Terms ....................................................................................................... 8

        3.    The Potential Estoppel Effects Of The IPRs May Simplify This Case ........................................................................................................ 10

    B.    Second Factor:  The Early Stage of this Case Strongly Favors a Stay ................... 11

    C.    Third Factor:  A Stay Will Not Unduly Prejudice or Tactically Disadvantage IPA ................................................................................................. 13

VI. CONCLUSION .................................................................................................................. 15

TABLE OF AUTHORITIES

Page

**CASES**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
  C.A. No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016) .....................................10, 14

*AIP Acquisition LLC v. Level 3 Commc'ns, LLC*,
  C.A. No. 12-617-GMS, 2014 WL 12642000 (D. Del. Jan. 9, 2014)..........................................15

*Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*,
  544 F.2d 1207 (3d Cir. 1976)......................................................................................................5

*Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc.*,
  C.A. No. 12-1107-GMS, 2014 WL 1369721 (D. Del. Apr. 7, 2014).........................................14

*Bos. Sci. Corp. v. Cordis Corp.*,
  777 F. Supp. 2d 783 (D. Del. 2011) ..........................................................................................13

*British Telecommunications PLC v. IAC/InterActiveCorp*,
  C.A. No. 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019).............................. *passim*

*CG Tech. Dev., LLC v. William Hill U.S. Holdco, Inc.*,
  C.A. No. 18-533-RGA, 2019 WL 4098002  (D. Del. Aug. 29, 2019) ........................................8

*CallWave Commc'ns, LLC v. AT&T Mobility, LLC*,
  C.A. No. 12-1701-RGA, 2015 WL 1284203 (D. Del. Mar. 18, 2015)......................................11

*Contour IP Holding, LLC v. GoPro, Inc.*,
  C.A. No. 15-1108-LPS-CJB, 2016 WL 4474340 (D. Del. July 14, 2016) ..................................8

*Cost Bros. v. Travelers Indem. Co.*,
  760 F.2d 58 (3d Cir. 1985)...........................................................................................................5

*Ever Win International Corp. v. Radioshack Corp.*,
  902 F. Supp. 2d 503, 508-09 (D. Del. Oct. 9, 2012) .................................................................13

*Evolutionary Intelligence, LLC v. Apple, Inc.*,
  No. 13-04201 WHA, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014) .................................................7

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019)..................................11, 13

*Market-Alerts Pty. Ltd. v. Bloomberg Fin., L.P.*,
    922 F. Supp. 2d 486 (D. Del. Feb. 5, 2013).............................................................5

*NFC Tech. LLC v. HTC Am., Inc.*,
    No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)..................6

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
    C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013)...................13, 14

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
    C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ....................... *passim*

*Softview LLC v. Apple Inc.*,
    C.A. No. 10-389-LPS, 2013 WL 4757831 (D. Del. Sept. 4, 2013)............................12

*Software Rights Archive, LLC v. Facebook, Inc.*,
    No. C-12-3970 RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013)....................10

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)..............................................................................15

## STATUTES

35 U.S.C § 101...................................................................................................................1, 15

35 U.S.C. § 315(e) ................................................................................................................10

35 U.S.C. § 315(e)(2)..........................................................................................................2, 6

35 U.S.C. § 325(d) ..................................................................................................................4

## OTHER AUTHORITIES

37 C.F.R. § 42.100(c).............................................................................................................5

Fed. R. Civ. P. 12(b)(6).........................................................................................................3

Defendant Google LLC ("Google") moves to stay this litigation pending resolution of recently instituted petitions for *inter partes* review ("IPR") on each of the remaining patents-in-suit.

## I.     NATURE AND STAGE OF PROCEEDING

Plaintiff IPA Technologies Inc. ("IPA") filed a complaint against Google on February 26, 2018, alleging that Google Assistant infringes six patents.  D.I. 1 (Complaint or Compl.).  On January 18, 2019, the Court granted Google's motion to dismiss and invalidated the claims of three asserted patents under 35 U.S.C § 101.  Shortly thereafter, IPA abandoned these three patents in pending IPR proceedings, finally invalidating them.[1]

The Court held a Scheduling Conference on March 13, 2019, with respect to the three remaining patents—U.S. Patent Nos. 6,851,115 (the "'115 patent"), 7,069,560 (the "'560 patent"), and 7,036,128 (the "'128 patent") (collectively the "asserted patents")—coordinating Google's case schedule with the related matters against Amazon and Microsoft.[2]  D.I. 37 (Tr. of Mar. 13, 2019 Scheduling Conference).  During the Scheduling Conference, Google noted it had recently filed IPR petitions.  D.I. 37 at 6:19:7-17.  The Court indicated that it would defer further discussions of IPRs, and any potential stay, until after the IPRs' institution decisions.  *Id.*  On March 25, 2019, the Court entered a Scheduling Order, setting the deadlines for, among others, the close of fact discovery on October 2, 2020, and the first trial for September 27, 2021.  D.I. 39 (Scheduling Order).

---

[1]     IPA originally asserted the three dismissed patents in an initial round of suits in 2016. IPA dismissed all but one of those original actions, *IPA Techs. Inc. v. Amazon.com Inc.*, C.A. No. 16-1266 (D. Del.).  None of the three remaining asserted patents were asserted in those initial suits.  Rather, they were asserted only in IPA's second round of complaints against Google, Amazon, and Microsoft, Inc.

[2]     Neither Microsoft nor Amazon opposes this Motion to Stay.

## II.     SUMMARY OF ARGUMENT

The facts of this case weigh strongly in favor of an immediate stay of the entire litigation because:  (1) a stay until completion of the IPRs will simplify—if not wholly eliminate—issues for trial and promote judicial economy; (2) the case is in its early stages (prior to claim construction briefing, expert discovery, and dispositive motions); and (3) IPA will suffer no undue prejudice or tactical disadvantage from any delay.

First, a stay will resolve or simplify the issues in this litigation.  If the Patent Trial and Appeal Board ("PTAB") invalidates the challenged claims of the asserted patents through IPR, the case should be fully resolved.  The PTAB reviewed the merits of Google and Microsoft's invalidity challenges and instituted IPR proceedings for virtually all of the asserted claims.  None of the grounds of unpatentability instituted by the PTAB were substantively considered by the PTO during the underlying prosecution and issuance of the asserted patents. The only asserted claims not currently subject to IPR are a handful of dependent claims in the '128 patent that are substantively identical to another set of dependent claims on which the PTAB instituted review.  And even if some claims do survive review, the Court would have the benefit of the PTAB's findings and claim constructions, and estoppel stands to narrow invalidity defenses in the litigation.  *See* 35 U.S.C. § 315(e)(2).  Thus, regardless of the outcome of the IPRs, a stay pending completion of the IPRs will simplify the issues remaining for trial.

Second, the stage of this case strongly favors a stay.  At the Scheduling Conference on March 13, 2019, the Court noted that the time to raise a potential motion for stay was following institution of the IPRs.  Moreover, the case is still in its early stages.  The parties have only exchanged initial patent disclosures and initial discovery requests and responses.  No claim construction hearing has been held, fact discovery will not end for almost

another year, and trial is almost two years away.  Thus, staying this case at the current stage

will avoid needless discovery and conserve judicial resources.

Third, IPA will not suffer any undue prejudice or tactical disadvantage from a

stay.  IPA is a non-practicing entity, so there is no potential for irreparable harm that may result

from a stay and any damages may be reflected in a reasonable royalty.  Moreover, even though

IPA originally sued Amazon, and several other defendants, in late 2016, IPA did not bring the

lawsuits against Google and Microsoft nor assert any of the remaining three patents against any

defendant until early 2018, apparently giving them a lower priority to the three originally

asserted patents.  Accordingly, a stay pending conclusion of the IPRs will not unduly prejudice

IPA.

## III.    BACKGROUND

On February 26, 2018, IPA filed this case against Google, asserting

infringement of six patents, including the '115, '560, and '128 patents for the first time against

any defendant.  *See generally* Compl.  The asserted patents (now expired) are related,

terminally disclaimed, and share substantially the same specifications.  *Id.* ¶¶ 52, 72; *see also*

*generally id.*, Exs. A-C to the Complaint.  On January 18, 2019, the Court granted Google's

motion to dismiss pursuant to Rule 12(b)(6), invalidating and dismissing three of the patents-

in-suit.  D.I. 31, 32.

On February 26, 2019, Google filed petitions for IPR requesting review of

certain claims of the remaining asserted patents.  *See generally* IPR2019-00728, IPR2019-

00730, IPR2019-00731, IPR2019-00733, IPR2019-00734 (collectively, the "Google IPRs").[3]

---

[3]    Due to the number of claims in the asserted patents, Google was forced to file multiple
petitions for the '560 and '128 patents.  However, the bases underlying the petitions are
substantially the same and utilize the same primary reference.

Google's petitions challenged 57 claims, including each claim that IPA identified in its Complaint.  Given the similarity of the patents' claims, Google did not challenge duplicative claims.  Rather, Google challenged claims that cover common claim terms and duplicative limitations from across the three asserted patents.  After Google filed its petitions, IPA served its infringement contentions, asserting 120 claims (17 independent) out of the 189 total claims in the asserted patents (while asserting approximately the same claims against three different accused systems).  The PTAB instituted IPR proceedings for each of the asserted patents in September and October 2019.  Exs. A-E.  In its institution decisions, the PTAB specifically found that the Google IPRs raised new grounds of unpatentability not substantively considered by the PTO "[b]ecause the substantive merit of an argument applying [the art] against the challenged claims was never considered by the Office."  *See, e.g.*, Ex. A at 26-27.

Microsoft filed IPRs for each of the asserted patents shortly after Google's petitions.[4]  The PTAB instituted IPR proceedings in October and November 2019, on Microsoft's petitions that challenge all claims of the '115 and '560 patents based on different prior art than at issue in the Google IPRs.  *See* Exs. F-M.  Like the Google IPRs, the PTAB found that the Microsoft IPRs that were instituted raised new grounds of unpatentability that were not substantively considered by the PTO during prosecution.  *See, e.g.*, Ex. F at 17-23.

With the IPRs instituted, the PTAB is required by statute to issue final decisions regarding the validity of the challenged claims within one year after institution, or by

---

[4]      *See* IPR2019-00810 ('115 patent), IPR2019-00811 ('115 patent), IPR2019-00812 ('115 patent), IPR2019-00813 ('115 patent), IPR2019-00814 ('115 patent), IPR2019-00835 ('560 patent), IPR2019-00836 ('560 patent), IPR2019-00837 ('560 patent) (collectively, the "Microsoft IPRs").  While Microsoft also filed petitions challenging all claims of the '128 patent, the PTAB denied institution of those IPR proceedings pursuant to its discretion under 35 U.S.C. § 325(d).

September to November 2020.  *See* 37 C.F.R. § 42.100(c).  The present motion seeks a stay of this litigation pending resolution of the Google and Microsoft IPR proceedings.

## IV.   LEGAL STANDARD

A decision to stay litigation lies within the sound discretion of the Court and represents an exercise of the Court's "inherent power to conserve judicial resources by controlling its own docket."  *Cost Bros. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985).   A stay is particularly appropriate where the outcome of another proceeding may "substantially affect" the issues in a case.  *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976).   The Court generally weighs three factors in determining whether to stay a case pending IPR proceedings:   "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage."  *British Telecommunications PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *2 (D. Del. Sept. 27, 2019); *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014). All three factors weigh strongly in favor of a stay in this case.

## V.   ARGUMENT

### A.   First Factor:  A Stay Will Resolve the Case or Simplify the Issues for Trial

Simplification of the disputed issues is often considered "the most important factor bearing on whether to grant a stay."  *British Telecommunications*, 2019 WL 4740156, at *7.  As Judge Bryson explained, "Congress's purpose in creating an [IPR] procedure was to allow the administrative agency that issues patents to consider new information," like the prior

art at issue in the Google and Microsoft IPRs, "bearing on whether those patents should be canceled or confirmed." *Id.* (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015)).  Thus, "[g]iving the agency the authority to consider the validity of patents in the [IPR] process was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation." *Id.*  Moreover, there is a multitude of ways that a stay pending resolution of an IPR simplifies litigation (even if the IPRs challenge fewer than all asserted claims):

1. "[I]f the PTAB invalidates all of the claims before it, the case will unquestionably become simpler" making "the task of dealing with the remaining claims significantly easier."

2. "[T]he Court will benefit from the PTAB's guidance on the construction of certain claim terms," relying upon the "the expertise of the PTAB judges in this complex field of art . . . ."

3. "[T]he IPR proceeding may produce additional prosecution history that could assist the Court in addressing the issues of claim construction and validity."

4. "[R]educ[ing] what otherwise could be duplication of effort and possibly inconsistent results between the administrative agency and this Court."

5. Because there are substantial similarities in the asserted claims, it "appears likely that any decision of the PTAB with regard to the validity of [the challenged claims] will have a significant impact on the issue of the validity of" the remaining asserted claims.

6. "[E]ven if the PTAB does not cancel all (or even any) of the asserted claims . . . , any conclusion that the PTAB reaches will have a likely effect on the litigation by limiting the" potential validity defenses due to the statutory estoppel provision, 35 U.S.C. § 315(e)(2).

*Id.* at *8-9.  There is a strong likelihood that many of those benefits will be realized here.

### 1.    Statistically, The Vast Majority Of Instituted IPRs Result In Claim Cancellation

Here, all of the claims asserted against Google are either challenged in and subject to an instituted Google or Microsoft IPR or are duplicative of or substantially similar to a challenged claim.  According to the Patent Office's statistics, 81% of instituted IPRs result in at least one claim being found invalid—with the majority (63%) of those cases resulting in all challenged claims being found invalid.[5]   The chances that the challenged claims will be cancelled or invalidated here are further increased because many of the claims are subject to two separate IPR proceedings based on separate prior art grounds.

These objective data weigh heavily in favor of a stay because "allowing the PTO to adjudicate the validity of the claims before it in the IPR proceeding reduces what otherwise could be duplication of effort and possibly inconsistent results between the administrative agency and this Court." *British Telecommunications*, 2019 WL 4740156, at *8. Accordingly, continuing this litigation could lead to unnecessary expenditure of the Court and the parties' time and resources on claims that likely will be eliminated by the PTAB.  *See Evolutionary Intelligence, LLC v. Apple, Inc.*, No. 13-04201 WHA, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014) (a stay "will minimize the risk of inconsistent results and conserve resources"; there is "little benefit to be gained from having two forums review the validity of the same claims at the same time").

Moreover, in the unlikely event that only some of the asserted claims are held invalid, the number of claims in this case will nonetheless decrease and the issues for trial will be narrowed, particularly given the duplicative limitations and overlap amongst the claim

---

[5]    Patent Office Trial Statistics from Sep. 16, 2012 to Oct. 31, 2019, https://www.uspto.gov/sites/default/files/documents/Trial_Statistics_2019-10-31.pdf (last visited Dec. 16, 2019).

terms.  *See British Telecommunications*, 2019 WL 4740156, at *8.  In addition, regardless of

the outcome of the IPR proceedings, the Court will nonetheless benefit from the PTAB's

expertise in analyzing the patents and the relevant prior art.  *See id.*  In particular, the Court can

rely on the PTAB's analysis for assessing claim construction and other infringement and

validity considerations.  *See id.*

> **2.    The Challenged Claims Will Also Substantially Simplify the Issues Concerning the Remaining Non-Challenged Claims Because They Are Duplicative and Contain Common Claim Terms**

The PTAB instituted IPRs for all of the asserted claims in the '115 and '560

patents.  For the '128 patent, there are some duplicative claims that are not subject to IPR

proceedings (because IPA disclosed them only after Google filed its IPR petitions).[6]

Nonetheless, "district courts have frequently issued stays in cases in which IPR proceedings

have been instituted on fewer than all the claims asserted in the related litigation."  *British

Telecommunications*, 2019 WL 4740156, at *7.  "[E]ven when IPRs are instituted on fewer

than all the asserted claims, the policies favoring simplification and the reduction of litigation

burdens on the parties and the court are often applicable, particularly when the claims that are

before the PTAB in an IPR are similar to those that are not."  *Id.* (holding that it was "highly

likely that the IPR will result in simplification of the district court proceedings," even though

the IPR will not address all claims at issue in the litigation).  For example, in *CG Tech. Dev.,

LLC v. William Hill U.S. Holdco, Inc.*, the Court held that the simplification factor supported

granting a stay when the PTAB instituted IPR proceedings for the asserted claims from only

three of the four asserted patents.  C.A. No. 18-533-RGA, 2019 WL 4098002, at *1 (D. Del.

Aug. 29, 2019).  Similarly, in *Contour IP Holding, LLC v. GoPro, Inc.*, the Court observed that

---

[6]    IPA is currently asserting an unreasonably high number of claims (120 in total, 17 independent).  It is highly unlikely that IPA will continue to assert each and every claim through trial.

although all asserted claims (or even asserted patents) were not challenged in IPRs, the remaining asserted claims contained "terms identical or similar to terms found in claims instituted for review." C.A. No. 15-1108-LPS-CJB, 2016 WL 4474340, at *3 (D. Del. July 14, 2016). Accordingly, the Court found that the simplification factor favored a stay because "the PTAB's sound judgment with respect to other [claim] terms . . . or how the art might generally read could be instructive to this Court" with respect to the remaining claims. *Id.*; *see also Princeton Digital Image Corp.*, 2014 WL 3819458, at *2 (analysis of challenged claims "will provide guidance on claim construction issues that will affect both validity and infringement" of the remaining claims).

Here, the PTAB has instituted the Google IPRs on all three of the asserted patents, including several of the independent and dependent claims asserted by IPA in this lawsuit. In addition, the instituted Microsoft IPRs challenge all of the remaining claims of the '115 and '560 patents at issue in this lawsuit. Accordingly, dependent claims 23-27 and 40 of the '128 patent are the only asserted claims not subject to an instituted IPR. Each of these claims depend from challenged independent claims and are substantively identical to claims challenged in Google's IPR petitions as illustrated by the following examples:

| **Challenged Dependent Claim** | **Duplicative Asserted Claims** |
|---|---|
| 3. The computer-implemented community of agents as recited in claim 2, wherein the map information *includes a Multimodal Map displaying site geographic location information based on site type*. | 24. A method as recited in claim 23, wherein the navigational information *includes a Multimodal Map displaying site geographic location information based on site type*. |
| 4. The computer-implemented community of agents as recited in claim 2, wherein the map information *includes spoken directions by means of a text-to-speech output agent*. | 25. A method as recited in claim 23, wherein the navigational information *includes route information recited by a text-to-speech agent*. |

9

| Challenged Dependent Claim | Duplicative Asserted Claims |
|---|---|
| 20.  The computer-implemented community of agents as recited in claim 1, wherein the at least one mobile user input type is selected from the following group: *speech, gestures, pen/stylus input, and touch-screen input*. | 40.  A method as recited in claim 22, wherein the mobile user input types include *speech, gestures, pen/stylus input, and touch-screen input*. |

Accordingly, the instituted IPRs stand to dispose of all asserted claims.  At a minimum, the asserted claims should be substantially simplified due to the related nature of the claims and patents at issue here, favoring a stay.  *See British Telecommunications*, 2019 WL 4740156, at *7.

### 3.    The Potential Estoppel Effects Of The IPRs May Simplify This Case

Under 35 U.S.C. § 315(e), the IPR petitioner may not assert invalidity at the district court "on any ground that the petitioner raised or reasonably could have raised during that [IPR]."  Thus, "even if the PTAB does not cancel all (or even any) of the asserted claims . . . , any conclusion that the PTAB reaches will have a likely effect on the litigation" by potentially limiting validity defenses due to statutory estoppel.  *British Telecommunications*, 2019 WL 4740156, at *8; *see 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016) ("Even if the IPR proceedings result in all of the [a]sserted [c]laims remaining valid, the fact that Defendants will be estopped—from asserting in this litigation any ground for invalidity that they 'raised or reasonably could have raised' during the IPR proceedings . . . will simplify the issues left to be litigated in this case."). Indeed, potential estoppel regarding various types of prior art "heavily tips the scale in favor of granting the stay."  *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *4 (N.D. Cal. Sept. 17, 2013).

Thus, staying the case pending the Patent Office's final written decisions in the IPR proceedings will potentially reduce the number of invalidity arguments that IPA will be

required to rebut, and the number of arguments the jury will need to consider.  Alternatively, if the PTAB invalidates the challenged claims, that should resolve the litigation.  Either way, the IPRs stand to resolve or significantly streamline the issues for the Court, the parties, and any jury.

### B.      Second Factor:  The Early Stage of this Case Strongly Favors a Stay

"Motions to stay [pending IPRs] are most often granted when the case is in the early stages of litigation."  *Princeton Digital Image Corp.*, 2014 WL 3819458, at \*3. "Granting such a stay early in a case can be said to advance judicial efficiency and 'maximize the likelihood that neither the Court nor the Parties expend their assets addressing invalid claims.'"  *Id.* (internal citations omitted).  Although the Court has issued a scheduling order and the parties have exchanged initial discovery, the case is still in its early stages, which strongly favors a stay.  Indeed, Google filed its IPRs for all asserted patents shortly after the Court's ruling on the defendants' motion to dismiss, but prior to the scheduling conference, infringement contentions, and any discovery between the parties, and raised the possibility of a stay at the Scheduling Conference.  *See* D.I. 37 at 7:14-17 ("Well, if they start instituting the petitions in September, October, whatever six months is out, and you think that's a reason for a stay, you should let me know, or that would be the time to let me know.").

At this early stage of the case, the Court has found that the second factor weighs in favor of stay.  *See CallWave Commc'ns, LLC v. AT&T Mobility, LLC*, C.A. No. 12-1701-RGA, 2015 WL 1284203, at \*1 (D. Del. Mar. 18, 2015) ("Discovery is more advanced than would be ideal, but the Court notes that few depositions have been taken and expert discovery has not yet begun.  The Court therefore finds that this [second] factor favors a stay."); *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at \*4-5 (D. Del. Aug. 21, 2019) (finding the second factor favors a stay even though the "case is not in

its 'infancy'" because "the most burdensome stages of the cases—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future"). Indeed, courts have found this factor to favor a stay even in cases much further advanced than the present litigation.  In *Princeton Digital*, the defendants sought a stay after the Court had already held a *Markman* hearing.  *See* 2014 WL 3819458, at *3-4.  Yet, the Court still found that this factor "favors a stay" because "most of the significant case events are well in the future."  *Id.* at *4.

In this case, the parties have yet to exchange claim construction briefs, take any depositions, or start expert discovery.  The *Markman* hearing is not until May 2020, fact discovery closes in October 2020, dispositive motions are scheduled for March 2021, and trial is not until September 2021.[7]  D.I. 39 (Scheduling Order).  In fact, the final written decisions for three of the IPRs (covering two of the asserted patents) are currently due prior to the close of fact discovery (with the decisions on the remaining IPRs shortly thereafter) and well before dispositive motions and trial.  *See Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2013 WL 4757831, at *2 (D. Del. Sept. 4, 2013) (granting stay in favor of newly-filed IPR petition, even though fact discovery and *Markman* were complete, where review proceeding would likely conclude close to the date when case-dispositive motions were to be filed).

Accordingly, because most of the significant case events are still in the future, the second factor favors granting a stay of the litigation to preserve judicial and party resources until final decision on the IPRs.

---

[7]     The September 2021 trial date in the Scheduling Order refers to the first scheduled trial, which could be either of the Amazon, Microsoft, or Google cases.

C.     **Third Factor:  A Stay Will Not Unduly Prejudice or Tactically Disadvantage IPA**

In evaluating the third factor, the Court considers "the timing of the request for [IPR], the timing of the request for stay, the status of the [IPR] proceedings and the relationship of the parties."  *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) (citing *Bos. Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011)).  "The mere potential for delay . . . is insufficient to establish *undue* prejudice."  *Id.* (emphasis in original).

*First*, Google diligently filed petitions for IPR early in the case, before any substantive exchange or disclosure had taken place, and disclosed such filings to the Court shortly thereafter.  Indeed, the petitions were filed before IPA disclosed its asserted claims or infringement contentions or identified its terms for claim construction.   In *Ever Win International Corp. v. Radioshack Corp.*, the Court found that defendant's filing of petitions with the PTAB "at a time when little substantive activity had yet occurred in [the] case" demonstrated that the defendant was not "motivated by inappropriate litigation tactics."  902 F. Supp. 2d 503, 508-09 (D. Del. Oct. 9, 2012).  In *Princeton Digital*, the Court found the third factor to favor a stay even though the IPR petitions were filed "almost a year to the day after Plaintiff filed the initial Complaint against it, and less than three months after the Scheduling Order issued."  2014 WL 3819458, at *4.  Here, Google filed its petitions for IPR within about a month of the Court's ruling on its motion to dismiss (which invalidated three of the asserted patents), and before the initial scheduling conference and before IPA identified its subset of asserted claims (ultimately asserting 120 out of 189 potential claims).  *See IOENGINE, LLC*, 2019 WL 3943058, at *6 (factor favored stay where IPR petition filed "before the Court entered a scheduling order, before there was any material activity in the case, and six weeks

13

before [plaintiff] identified the subset of the claims (out of a possible 189) that it would be asserting" but on the same day as the motion to dismiss hearing).  Thus, there can be no question that the timing of the IPR petitions favors a stay.

   *Second*, the timing of Google's motion and the status of the IPR proceedings also favors a stay.  As discussed above, this case is in its early stages, and all of the Google and Microsoft IPRs have now been instituted.  Accordingly, the PTAB will likely have written decisions on each of the IPRs in less than a year (between September and November 2020), which is around the time of the close of fact discovery and the beginning of expert discovery.  *See Neste Oil*, 2013 WL 3353984, at *2 (potential for delay is not unduly prejudicial to plaintiff).  As discussed above, a stay can avoid any unnecessary waste of the Court's and the parties' time and resources.  Moreover, Google brought this motion shortly after the institution decisions of each of the Google and Microsoft IPRs.  *See 454 Life Scis. Corp.*, 2016 WL 6594083, at *4 ("Defendants filed their Motion shortly after the PTAB issued its decisions . . . , which is generally the ideal time at which to file such a request.").  Thus, the timing of this motion and the status of the IPRs favors a stay.

   *Third*, the relationship between the parties also favors a stay.  IPA is a non-practicing, patent-licensing entity seeking monetary damages via a reasonable royalty.  *See* Compl. ¶¶ 203, 230, 255.  The Court has regularly granted a stay "where the plaintiff is a non-practicing entity."  *Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc.*, C.A. No. 12-1107-GMS, 2014 WL 1369721, at *4 (D. Del. April 7, 2014) (collecting cases).  IPA also does not compete with Google (nor make or sell any product of which Google is aware).  *See* Compl. ¶ 13.  Because Google is "not a direct competitor," IPA is not unduly prejudiced by a stay because it "can be adequately remedied for any delay by money damages, including any

appropriate interest accrued during the stay." *AIP Acquisition LLC v. Level 3 Commc'ns, LLC*, C.A. No. 12-617-GMS, 2014 WL 12642000, at *3 (D. Del. Jan. 9, 2014) (internal citations omitted); *see also Market-Alerts Pty. Ltd. v. Bloomberg Fin., L.P.*, 922 F. Supp. 2d 486, 494-95 (D. Del. Feb. 5, 2013) (finding the relationship between the parties favored a stay where the parties were not direct competitors); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (a stay "only delays realization of those damages").

*Finally*, IPA's own delay highlights that it would not be unduly prejudiced by a stay.  IPA did not bring suit against Google, nor did it assert the '115, '560, and '128 patents against any defendant until over a year after its initial wave of cases (and only then when its three initial patents were in danger of dismissal pursuant to § 101).  *Compare IPA v. Amazon.com, Inc.*, C.A. No. 16-1266, D.I. 1 (Dec. 19, 2016) *with* D.I. 1 (Feb. 26, 2018).  Thus, IPA's lack of urgency in bringing suit against Google shows that it would not be unduly prejudiced by a stay.

Therefore, all considerations relevant to the third factor—including the timing of Google's petitions, the timing of the request for stay, and the relationship of the parties— strongly favor a stay.

## VI.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court stay this action pending the PTAB's resolution of Google's and Microsoft's IPR petitions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendant Google LLC*

OF COUNSEL:

Michael C. Hendershot
Evan McLean
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

December 18, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 18, 2019, upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                           *VIA ELECTRONIC MAIL*
Sara E. Bussiere, Esquire
BAYARD, P.A.
600 North King Street, Suite 400
Wilmington, DE  19801
*Attorneys for Plaintiff*

Paul J. Skiermont, Esquire                              *VIA ELECTRONIC MAIL*
Sadaf R. Abdullah, Esquire
Sarah E. Spires, Esquire
Steven W. Hartsell, Esquire
Alexander E. Gasser, Esquire
Christopher M. Hodge, Esquire
Steven J. Udick, Esquire
Jaime K. Olin, Esquire
Sheetal Patel, Esquire
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX  75201
*Attorneys for Plaintiff*

Mieke K. Malmberg, Esquire                              *VIA ELECTRONIC MAIL*
SKIERMONT DERBY LLP
800 Wilshire Blvd., Suite 1450
Los Angeles, CA  90017
*Attorneys for Plaintiff*

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)