

| | |
|---|---|
| 600 North King Street • Suite 400 | Writer's Direct Access: |
| P.O. Box 25130 • Wilmington, DE 19899 | (302) 429-4238 |
| Zip Code For Deliveries 19801 | Email: rgolden@bayardlaw.com |

February 20, 2024

**BY CM/ECF**

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *IPA Technologies Inc. v. Google LLC.*, No. 1:18-cv-00318-RGA-SRF (D. Del.)

Dear Judge Andrews,

Pursuant to the Court's February 15, 2024 Oral Order, the parties submit the following joint status update concerning the above-captioned litigation.

On January 10, 2020, this Court stayed the present matter pending resolution of various IPR petitions filed by Google. (D.I. 77). The PTAB instituted five of Google's IPRs (IPR 2019-00728, -00730, -00731, -00733, and -00734) challenging a subset of the issued claims of U.S. Patent Nos. 6,851,115; 7,069,560; and 7,036,128.[1] Between September 2 and October 15, 2020, the Board issued Final Written Decisions in all five instituted IPRs, finding all challenged claims of the '128 Patent unpatentable and all challenged claims of the '115 and '560 Patents not unpatentable.

Both parties filed appeals with the Federal Circuit challenging their respective losses. For the subject claims in the '128 Patent, on March 11, 2022, the Federal Circuit issued a Rule 36 judgment affirming the PTAB's findings of unpatentability. Following the judgment, IPA retains six asserted claims from the '128 Patent in the litigation against Google. At the time of the filing of Google's petition, IPA had not identified asserted claims of the '128 Patent. Google continues to contend, as it did in its Motion to Stay, that the challenged claims in the Google IPRs for the '128 Patent are representative of all claims at issue for the '128 Patent (D.I. 74, at 9-10).

With respect to the subject claims in the '115 and '560 Patents, on May 19, 2022, the Federal Circuit vacated and remanded the PTAB's patentability decision, ordering the PTAB to conduct further proceedings consistent with its opinion. (*See Google LLC v. IPA Technologies Inc.*, 34 F.4th 1081 (Fed. Cir. 2022).) The common issue underlying all challenged claims of the '115 and '560 Patents is not technical in nature, but rather a question of whether a printed

---

[1] Google filed four other IPR petitions challenging the same patents, but the Board denied institution.



publication (the Martin reference) qualifies as invalidating prior art, based on the inclusion of a third author (Dr. Douglas Moran) listed on the Martin reference who is not also listed as an inventor of the '115 and '560 Patents. The PTAB concluded that Google "ha[d] not provided sufficient support to explain how Dr. Moran's contribution [wa]s sufficient to establish he [wa]s an inventive entity with respect to the Martin reference by a preponderance of the evidence" and that Google failed to establish that the Martin reference was prior art to the '115 and '560 Patents. (*See id.* at 1084.) The Federal Circuit found that the key issue to be decided was whether Dr. Moran's testimony should be credited over the conflicting testimony of the two named inventors (Adam Cheyer and David Martin), and that the PTAB failed to make this factual determination. (*See id.* at 1088.) The Federal Circuit remanded so the PTAB could "resolve this highly relevant evidentiary conflict and make appropriate findings of fact." (*Id.*) The mandate from the Federal Circuit issued on June 28, 2022.

On July 21, 2022, the PTAB conducted a call with IPA and Google to discuss the conduct of the remanded IPR proceedings. IPA maintained that, because the sole issue on remand is based on evidence and briefing already in the record, no further briefing from the parties was necessary. Google requested short supplemental briefing directed to the Federal Circuit's decision. The parties agreed no additional evidence should be submitted.

On September 2, 2022, the PTAB issued an order seeking additional briefing from the parties "directed to the *Duncan* analysis of the challenged reference and the Federal Circuit's discussion of the record." That briefing was completed on September 30, 2022.

On June 1, 2023, the Board issued revised Final Written Decisions finding the challenged claims in IPR2019-00728 and IPR2019-00731 invalid. IPA filed a request for Director Review on June 30, 2023, which was denied on October 5, 2023.

On December 4, 2023, IPA filed appeals with the Federal Circuit regarding the Board's revised Final Written Decisions, which are consolidated under lead case *IPA Technologies Inc. v. Google LLC*, No. 2024-1246 (Fed. Cir.). Opening appeal briefs are due May 17, 2024.

Given the procedural posture with the pending appeals, neither party has requested, nor intends to request, this Court lift the stay of litigation until the Federal Circuit appeals are resolved. Should Your Honor have any questions or require any additional information, counsel for Plaintiff is available at the convenience of the Court.

    Respectfully submitted,

    */s/ Stephen B. Brauerman*

    Stephen B. Brauerman (No. 4952)

cc:    All counsel of record