**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IPA TECHNOLOGIES INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | C.A. No. 1:18-cv-00318-RGA-SRF |

## AMENDED SCHEDULING ORDER

WHEREAS, this case was originally filed on February 26, 2018 (D.I. 1), along with *IPA Technologies, Inc. v. Amazon.com, Inc.* (No. 16-1266-RGA) and *IPA Technologies, Inc. v. Microsoft Corp.* (No. 18-01-RGA). The three cases were treated as consolidated for pretrial purposes, with Microsoft, Amazon, and Google (the "Collective Defendants") participating collectively in certain discovery, claim construction, and pretrial matters;

WHEREAS, the Court conducted a Rule 16(b) scheduling conference with IPA and the Collective Defendants pursuant to Local Rule 16.1(b) on March 13, 2019 (D.I. 35), and entered a Scheduling Order on March 25, 2019 (D.I. 39);

WHEREAS, both Google and Microsoft filed *inter partes* review challenges to the asserted patents and IPA agreed to stay the Google and Microsoft cases until the IPR processes concluded;

WHEREAS, on January 10, 2020, the Court stayed the Google and Microsoft cases and allowed the Amazon litigation to continue separately (D.I. 77);

WHEREAS, on October 7, 2022, the Court lifted the stay of the Microsoft case and that case went to trial in May 2024;

WHEREAS, on March 16, 2026, the Court lifted the stay of the Google case (D.I. 100);

IT IS ORDERED that the original Scheduling Order is amended to provide updated deadlines and to bring it in compliance with the Court's February 2023 Form Scheduling Order for Patent Cases.

1. Rule 26(a)(1) Initial Disclosures. IPA and Google ("the Parties") exchanged their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on April 8, 2019 (D.I. 40, 41). The parties will exchange updated initial disclosures within twenty-eight (28) days of the date of this Order.

2. Joinder of Other Parties and Amendment of Pleadings. The original deadline to join other parties, and to amend or supplement the pleadings, was on August 16, 2019. IPA and Google do not seek to amend this deadline.

3. Discovery.

a. Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before February 5, 2027.

b. Document Production. Document production shall be substantially complete by October 1, 2026.

c. Requests for Admission. A maximum of 50 requests for admission are permitted for each side. While the Court generally permits an unlimited number of RFAs for authenticating evidence, the Court instructs the parties to first meet and confer with a goal of working out an appropriate agreement/stipulation concerning document and other evidence authenticity prior to serving authentication RFAs of party documents.

d. Interrogatories. The court previously ordered a maximum of 25 interrogatories, including contention interrogatories, are permitted for each side, with the Collective Defendants constituting a side. IPA has already served 7 common interrogatories on the

Collective Defendants (*see* D.I. 39, ¶3(e))[1] and has 3 remaining. IPA may also serve 15 individual interrogatories on Google. The Collective Defendants have already served 10 common interrogatories on IPA (*see* D.I. 39, ¶3(e)).[2] Google may also serve 15 individual interrogatories on IPA.

e. Depositions.

i. Limitation on Hours for Deposition Discovery. IPA is limited to a maximum of 49 hours of fact deposition of Google (*see* D.I. 39, ¶3(f)(i)). The Collective Defendants have already taken 17 hours of fact deposition of IPA, with 32 hours remaining (*see* D.I. 39, ¶3(f)(i)). Google therefore may take the remaining time (32 hours).

The Collective Defendants have already taken 8 hours of non-expert depositions of non-party witnesses, with 42 hours remaining (*see* D.I. 39, ¶3(f)(i)). Google therefore may take the remaining time (42 hours). IPA has already taken 6.5 hours of non-expert depositions of non-party witnesses and may take up to 43.5 hours more (*see* D.I. 39, ¶3(f)(i)). Any deposition of inventors Cheyer, Martin, and Julia (who are third-parties) will not count toward the IPA nor the third-party deposition limit (see D.I. 39, ¶3(f)(i)). Any party may move to modify these limitations for good cause shown.

ii. Expert Depositions. The deposition of each expert who issues a report shall be limited to seven (7) hours of deposition per expert report. Unless otherwise agreed, the daily limit of seven (7) hours shall apply. If IPA's infringement expert also issues a validity report, Google may depose that expert for no more than seven (7) hours on the issue of validity

[1] IPA Common Interrogatory Nos. 1-5 were served on August 27, 2019 on the Collective Defendants. IPA Common Interrogatory No. 6 was served on Nov. 30, 2022 and No. 7 on June 2, 2023, both in the Microsoft litigation.

[2] The Collective Defendants served their Common Interrogatory Nos. 1-10 on September 5, 2019.

and no more than seven (7) hours on the issue of infringement.

iii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f. Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

g. If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the

discovery matters procedures set forth in this Order.

h. Miscellaneous Discovery Matters.

i. Initial Discovery in Patent Litigation. Paragraph 4 of the Default Standard is hereby modified as follows:

1. IPA provided the disclosures required by Paragraph 4(a) of the Default Standard on April 12, 2019 (D.I. 42).

2. Google produced the documents required by Paragraph 4(b) of the Default Standard on May 24, 2019 (D.I. 48).

3. IPA provided the disclosures required by Paragraph 4(c) of the Default Standard on July 10, 2019 (D.I. 51).

4. Seven days following the Court's entering this order, Plaintiff shall provide amended Paragraph 4(c) disclosures reflecting the updated list of asserted claims.

5. Defendant provided the disclosures required by Paragraph 4(d) of the Default Standard on August 23, 2019 (D.I. 61).

6. Thirty days after Plaintiff provides amended Paragraph 4(c) disclosures reflecting the updated list of asserted claims, Defendant shall provide amended Paragraph 4(d) disclosures reflecting the updated list of prior art references.

ii. Other than the completed proceedings listed below, the parties are not aware of any other pending or completed litigation, including IPRs, involving one or more of the asserted patents. Further, IPA does not contemplate instituting any further litigation in this or any other District within the next year. Google expects to file one or more EPRs against the

remaining patents-in-suit in the coming weeks and will notify the Court after those EPRs are filed.

1. In October 2021, the Court granted summary judgment in favor of Amazon in *IPA Technologies, Inc. v. Amazon.com, Inc.*, No. 16-1266-RGA (D. Del.), and that decision was affirmed by the Federal Circuit. *See IPA Techs., Inc. v. Amazon.com, Inc.*, No. CV 16-1266-RGA, 2021 WL 5003254, at *1 (D. Del. Oct. 28, 2021), *aff'd*, No. 2022-1193, 2023 WL 234192 (Fed. Cir. Jan. 18, 2023).

2. In *IPA Technologies, Inc. v. Microsoft Corp.*, No. 18-01 (D. Del.) a trial was conducted from May 6-10, 2024, resulting in a jury verdict of $242 million. (D.I. 371, 372). The parties settled before appeal. (D.I. 406, 407).

3. *Google LLC v. IPA Technologies Inc.*, IPR2019-00728 (PTAB) (involving the U.S. Patent No. 6,851,115). IPR was instituted and is now complete, including all appeals.

4. *Google LLC v. IPA Technologies Inc.*, IPR2019-00729 (PTAB) (involving the U.S. Patent No. 6,851,115). IPR was not instituted.

5. *Google LLC v. IPA Technologies Inc.*, IPR2019-00730 (PTAB) (involving the U.S. Patent No. 7,069,560). IPR was instituted and is now complete, including all appeals.

6. *Google LLC v. IPA Technologies Inc.*, IPR2019-00731 (PTAB) (involving the U.S. Patent No. 7,069,560). IPR was instituted and is now complete, including all appeals.

7. *Google LLC v. IPA Technologies Inc.*, IPR2019-00732 (PTAB) (involving the U.S. Patent No. 7,069,560). IPR was not instituted.

8. *Google LLC v. IPA Technologies Inc.*, IPR2019-00733 (PTAB) (involving the U.S. Patent No. 7,036,128). IPR was instituted and is now complete, including all appeals.

9. *Google LLC v. IPA Technologies Inc.*, IPR2019-00734 (PTAB) (involving the U.S. Patent No. 7,036,128). IPR was instituted and is now complete, including all appeals.

10. *Google LLC v. IPA Technologies Inc.*, IPR2019-00735 (PTAB) (involving the U.S. Patent No. 7,036,128). IPR was not instituted.

11. *Google LLC v. IPA Technologies Inc.*, IPR2019-00736 (PTAB) (involving the U.S. Patent No. 7,036,128). IPR was not instituted.

12. *Microsoft Corp. v. IPA Technologies Inc.*, IPR2019-00810 (PTAB) (involving the U.S. Patent No. 6,851,115). IPR was instituted and is now complete, including all appeals.

13. *Microsoft Corp. v. IPA Technologies Inc.*, IPR2019-00811 (PTAB) (involving the U.S. Patent No. 6,851,115). IPR was instituted and is now complete, including all appeals.

14. *Microsoft Corp. v. IPA Technologies Inc.*, IPR2019-00812 (PTAB) (involving the U.S. Patent No. 6,851,115). IPR was instituted and is now complete, including all appeals.

15. *Microsoft Corp. v. IPA Technologies Inc.*, IPR2019-00813 (PTAB) (involving the U.S. Patent No. 6,851,115). IPR was instituted and is now complete, including all appeals.

16. *Microsoft Corp. v. IPA Technologies Inc.*, IPR2019-00814 (PTAB) (involving the U.S. Patent No. 6,851,115). IPR was instituted and is now complete, including all appeals.

17. *Microsoft Corp. v. IPA Technologies Inc.*, IPR2019-00835 (PTAB) (involving the U.S. Patent No. 7,069,560). IPR was instituted and is now complete, including all appeals.

18. *Microsoft Corp. v. IPA Technologies Inc.*, IPR2019-00836 (PTAB) (involving the U.S. Patent No. 7,069,560). IPR was instituted and is now complete, including all appeals.

19. *Microsoft Corp. v. IPA Technologies Inc.*, IPR2019-00837 (PTAB) (involving the U.S. Patent No. 7,069,560). IPR was instituted and is now complete, including all appeals.

20. *Microsoft Corp. v. IPA Technologies Inc.*, IPR2019-00838 (PTAB) (involving the U.S. Patent No. 7,036,128). IPR was not instituted.

21. *Microsoft Corp. v. IPA Technologies Inc.*, IPR2019-00839 (PTAB) (involving the U.S. Patent No. 7,036,128). IPR was not instituted.

22. *Microsoft Corp. v. IPA Technologies Inc.*, IPR2019-00840 (PTAB) (involving the U.S. Patent No. 7,036,128). IPR was not instituted.

iii. IPA is currently asserting 30 claims against Google. Google has currently listed numerous prior art references challenging the validity of IPA's asserted claims on anticipation and obviousness grounds. IPA will reduce its asserted claims to 12 by November 6, 2026, and Google will reduce its prior art-based invalidity case to 5 base prior art references by November 20, 2026. (For the avoidance of doubt, the term "base prior art reference" shall mean

any knowledge, system, process, published description, patent, patent application, derived information, or invention that satisfies at least one provision of 35 U.S.C. §102 (pre-AIA), and which Google alleges (i) anticipates one or more asserted claims (ii) renders obvious one or more asserted claims by itself, or (iii) renders obvious one or more asserted claims in combination with one or more other prior art references and represents the most substantial part of such combination.) The parties will meet and confer before the end of fact discovery to further limit the number of asserted claims and asserted prior art references/combinations.

iv. IPA asserts that it has produced (or will produce in short order) all licenses and settlement agreements related to the patents-in-suit to Google.

4. Application to Court for Protective Order. The Court entered a protective order in this case on August 20, 2019 (D.I. 60) and an ESI Order (D.I. 50).

5. Papers Filed Under Seal. When filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. Claim Construction Issue Identification. On or before June 2, 2026, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s)[3]. This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than June 9, 2026. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The

[3] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

7. Claim Construction Briefing[4]. Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on June 30, 2026. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on July 21, 2026. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on August 4, 2026. Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on August 18, 2026. Any party may move to modify these limitations for good cause shown. No later than August 25, 2026, the parties shall file a Joint Claim Construction Brief. The parties shall copy and past their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

[4] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

A. [TERM 1][5]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

B. [TERM 2]
   1. Plaintiff's Opening Position
   2. Defendant's Answering Position
   3. Plaintiff's Reply Position
   4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

8. Hearing on Claim Construction. Beginning at 9:30 a.m. on ~~[September 2026 OR A DATE THAT IS CONVENIENT FOR THE COURT]~~ October 14, 2026, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above- scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

9. Disclosure of Expert Testimony.

a. Expert Reports. For the party who has the initial burden of proof on the

[5] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before March 4, 2027. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before April 15, 2027. Reply expert reports from the party with the initial burden of proof are due on or before May 6, 2027. No other expert reports will be permitted without either the consent of all parties or leave of the Court.

b. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

c. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before June 3, 2027.

d. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

10. Case Dispositive Motions. All case dispositive motions shall be served and filed on or before June 24, 2027. Oppositions to dispositive motions shall be served and filed on or before July 22, 2027. Replies in support of dispositive motions shall be served and filed on or before August 12, 2027. No case dispositive motion under Rule 56 may be filed more than ten

days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

11. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. Pretrial Conference. On [~~December, 2027 OR A DATE AT THE COURT'S CONVENIENCE~~] December 10, 2027, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at [~~TIME~~] 9:30 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13. Motions *in Limine*. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate

briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

15. Trial. This matter is scheduled for a five (5) day[6] jury trial beginning at 9:30 a.m. on ~~[JANUARY OR FEBRUARY 2028 OR A DATE AT THE COURT'S CONVENIENCE]~~ January 10, 2028, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

16. Discovery Referral. This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports. (This referral is optional, and should be deleted unless all parties agree to it.)

17. Mediation (for use in non-ANDA patent cases). The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The Parties are required to submit a joint statement

[6] Five days (i.e., about twelve to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.

no later than one week before the pretrial conference. The joint statement is to included the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise. The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

HON. RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE