**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IPA TECHNOLOGIES INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | C.A. No. 1:18-cv-00318-RGA-SRF<br><br>JURY TRIAL DEMANDED |

**JOINT LETTER TO HONORABLE RICHARD G. ANDREWS**
**REGARDING CLAIM CONSTRUCTION**

Dear Judge Andrews:

Pursuant to the Court's October 14, 2026 Oral Order instructing the parties to file a joint submission clarifying the parties' positions on the "order of steps" claim construction issue (D.I. 177), the parties have met and conferred and narrowed the issues for the Court's determination. Specifically, the parties agree that each of the steps in the claims must be performed in the order as written except as set forth in detail below. In sum, the parties have agreed on the reading of the "registering…" limitation of all asserted independent claims and the "task completion…" limitations of claim 29 of the '115 Patent. The only remaining issue in dispute is whether the "interpreting…" and "constructing…" limitations of each asserted claim must be performed in the order written. IPA argues these steps may be performed in the order written or in parallel/overlapping; Google argues these steps must be performed in the order written.

**The Claims At Issue**[1]

'115 patent, cl. 1 (from which asserted claims 9 and 10 depend)

[p] A computer-implemented method for communication and cooperative task completion among a plurality of distributed electronic agents, comprising the acts of:

> [a] registering a description of each active client agent's functional capabilities as corresponding registered functional capabilities, using an expandable, platform-independent, inter-agent language, wherein the inter-agent language includes:
>
>> [a(1)] a layer of conversational protocol defined by event types and parameter lists associated with one or more of the events, wherein the parameter lists further refine the one or more events;
>>
>> [a(2)] a content layer comprising one or more of goals, triggers and data elements associated with the events;
>
> [b] receiving a request for service as a base goal in the inter-agent language, in the form of an arbitrarily complex goal expression; and
>
> [c] dynamically interpreting the arbitrarily complex goal expression, said act of interpreting further comprising:
>
>> [c(1)] generating one or more sub-goals expressed in the inter-agent language;
>
> [d] constructing a goal satisfaction plan wherein the goal satisfaction plan includes:
>
>> [d(1)] a suitable delegation of sub-goal requests to best complete the requested service request—by using reasoning that includes one or more of domain-

[1] Note that the bracketed lettering has been added for ease of reference; the original claim language does not contain these notations.

independent coordination strategies, domain-specific reasoning, and application-specific reasoning comprising rules and learning algorithms; and

[d(2)] dispatching each of the sub-goals to a selected client agent for performance, based on a match between the sub-goal being dispatched and the registered functional capabilities of the selected client agent.

<u>’115 patent, cl. 29</u> (asserted, and from which asserted claims 30-45 depend)

[p] A computer program stored on a computer readable medium, the computer program executable to facilitate cooperative task completion within a distributed computing environment, the distributed computing environment including a plurality of autonomous electronic agents, the distributed computing environment supporting an Interagent Communication Language, the computer program comprising computer executable instructions for:

[a] providing an agent registry that declares capabilities of service-providing electronic agents currently active within the distributed computing environment;

[b] interpreting a service request in order to determine a base goal that may be a compound, arbitrarily complex base goal, the service request adhering to an Interagent Communication Language (ICL), where in the ICL includes:

[b(1)] a layer of conversational protocol defined by event types and parameter lists associated with one or more of the events, wherein the parameter lists further refine the one or more events; and

[b](2)] a content layer comprising one or more of goals, triggers and data elements associated with the events;

[c] the act of interpreting including the sub-acts of:

[c(1)] determining any task completion advice provided by the base goal, and

[c(2)] determining any task completion constraints provided by the base goal;

[d] constructing a base goal satisfaction plan including the sub-acts of:

[d(1)] determining whether the request service is available,

[d(2)] determining sub-goals required in completing the base goal by using reasoning that includes one or more of domain-independent coordination strategies, domain-specific reasoning, and application-specific reasoning comprising rules and learning algorithms,

[d(3)] selecting service-providing electronic agents from the agent registry suitable for performing the determined sub-goals, and

[d(4)] ordering a delegation of sub-goal requests complete the requested service; and

[e] implementing the base goal satisfaction plan.

<u>’560 patent, cl. 50</u> (asserted, and from which asserted claim 51 depends)

[p] A computer-implemented method for providing cooperative task completion within a distributed computing environment, the distributed computing environment including a plurality of autonomous electronic agents, the distributed computing environment supporting an Interagent Communication Language, the computer-implemented method comprising the acts of:

[a] providing a plurality of synchronized agent registries each declaring capabilities of service-providing electronic agents currently active within the distributed computing environment, the plurality of synchronized agent registries each resident within a separate computer process;

[b] interpreting a service request in order to determine a base goal, the service request adhering to the Interagent Communication Language (ICL), the ICL including a layer of conversational protocol defined by event types and parameter lists associated with one or more of the events, wherein the parameter lists further refine the one or more events, the act of interpreting including the sub-acts of:

[b(1)] determining a goal satisfaction plan that is associated with the base goal;

[b(2)] wherein the goal satisfaction plan involves:

[b(2)(a)] using reasoning to determine sub-goal requests based on non-syntactic decomposition of the base goal and using said reasoning to co-ordinate and schedule efforts by the service-providing electronic agents for fulfilling the sub-goal requests in a cooperative completion of the base goal; and

[b(3)] implementing the base goal satisfaction plan.

<u>’560 patent, cl. 53</u> (asserted, and from which asserted claims 54-55 depend)

[p] A computer-implemented method for providing cooperative task completion within a distributed computing environment, the distributed computing environment including a plurality of autonomous electronic agents, the distributed computing environment supporting a dynamically expandable Interagent Communication Language (“ICL”), the computer implemented method comprising the acts of:

[a] providing a plurality of synchronized agent registries each declaring a set of functional capabilities for one or more of the autonomous service-providing electronic

agents, each of the synchronized agent registries being resident within a separate computer process;

[b] receiving a service request adhering to the ICL, the ICL including a layer of conversational protocol defined by event types and parameter lists associated with one or more of the events, wherein the parameter lists further refine the one or more events;

[c] determining a base goal based on the service request;

[d] determining a delegation plan wherein the delegation plan involves:

[d(1)] using reasoning to determine sub-goal requests based on non-syntactic decomposition of the base goal and using said reasoning to co-ordinate and schedule efforts by the autonomous service-providing electronic agents for fulfilling the sub-goal requests in a cooperative completion of the base goal; and

[e] implementing the delegation plan.

**Joint Position of the Parties**

The parties have agreed to the following:

**"Registering" Limitations**:

'115 patent, cl. 1

Step [a] ("registering a description…") can be performed at any point in the method (including in parallel with other steps) up until Step [d](1)] ("a suitable delegation…"), which Step [a] must precede.

'115 patent, cl. 29

Step [a] ("providing an agent registry…") can be performed at any point in the method (including in parallel with other steps) up until Step [d](3)] ("selecting service-providing electronic agents…"), which Step [a] must precede.

'560 patent, cl. 50

Step [a] ("providing a plurality of synchronized agent registries…") can be performed at any point in the method (including in parallel with other steps) up until the second portion of Step [b](2)(a)] ("using said reasoning to coordinate and schedule efforts by the service-providing electronic agents…"), which Step [a] must precede.

'560 patent, cl. 53

Step [a] ("providing a plurality of synchronized agent registries…") can be performed at any point in the method (including in parallel with other steps) up until the second portion of Step [d(1)] ("using said reasoning to co-ordinate and schedule efforts by the autonomous service-providing electronic agents…"), which Step [a] must precede.
**"Task Completion" Limitations:**

’115 patent, cl. 29
Step [c(1)] ("determining any task completion advice…") can be performed in parallel/overlap with or in reverse order from Step [c(2)] ("determining any task completion constraints…"), and vice versa.

Step [d(1)] ("determining whether the request service…") can be performed in parallel/overlap with or in reverse order from Step [d(2)] ("determining sub-goals required…"), and vice versa.

**Disputed Issue: "Interpreting…" and "Constructing" Steps**

**Position of Plaintiff IPA Technologies Inc.**

For the reasons discussed in the claim construction briefing and at the October 14 hearing, IPA maintains that a POSITA would know, based on the claim language and specification, that the "interpreting…" and "constructing…" steps can occur sequentially or in parallel/overlapping. That understanding would have been based on the flexible nature of the claimed invention, which contemplates, for example, re-interpreting the base goal when the goal satisfaction plan needs additional information to proceed.

Specifically:

’115 patent, cl. 1

Step [c] ("dynamically interpreting…") can be performed in parallel/can overlap with Step [d] ("constructing a goal satisfaction plan…").

’115 patent, cl. 29

Step [b] ("interpreting a service request…") can be performed in parallel/can overlap with Step [d] ("constructing a base goal satisfaction plan…").

’560 patent, cl. 50

Step [b] ("interpreting a service request…") can be performed in parallel/can overlap with Step [b(1)] ("determining a goal satisfaction plan…").

’560 patent, cl. 53

Step [c] ("determining a base goal…") can be performed in parallel/can overlap with Step [d] ("determining a delegation plan…").

**Position of Defendant Google LLC**

IPA has confirmed that (a) the parties agree the steps not identified in this letter must be performed in the sequence as written and (b) the only remaining dispute is as to the steps identified in this letter. Google addresses the latter below.

Google cannot agree with all of IPA's remaining proposed alternative orderings because several are inconsistent with the claims' antecedent basis. For example, step [c(1)] of claim 1 of the '115 patent recites "generating one or more sub-goals," and step [d(2)] then recites "dispatching each of *the* sub-goals." Likewise, step [b] of claim 29 of the '115 patent recites "interpreting a service request in order to determine a base goal," and step [d(2)] then recites "determining sub-goals required in completing *the* base goal." *See also* '560 patent at claim 50, steps [b] and [b(1)]; '560 patent at claim 53, steps [c] and [d(1)]. For these reasons and those set out in Google's claim construction briefing, the Court should hold that the steps of the asserted claims must be performed in the order written.

Google maintains its position that the remaining claim steps IPA identifies must be performed in the written order for the antecedent basis reason described above and in Google's claim construction briefing:

<u>'115 patent, cl. 1</u>

Step [c] ("dynamically interpreting…") and Step [d] ("constructing a goal satisfaction plan…")

<u>'115 patent, cl. 29</u>

Step [b] ("interpreting a service request…") and Step [d] ("constructing a base goal satisfaction plan…")

<u>'560 patent, cl. 50</u>

Step [b] ("interpreting a service request…") and Step [b(1)] ("determining a goal satisfaction plan…")

<u>'560 patent, cl. 53</u>

Step [c] ("determining a base goal…") and Step [d] ("determining a delegation plan…")

Dated: October 23, 2026

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 North King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

OF COUNSEL:
Paul J. Skiermont
Kevin P. Potere
Michael D. Ricketts
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600

Charles C. Koole
SKIERMONT DERBY LLP
633 West Fifth Street, Suite 5800
Los Angeles, CA 90071
(213) 788-4500

Jaime K. Olin
Steven W. Hartsell
STRIS & MAHER LLP
1920 McKinney Ave., Suite 700
Dallas, TX 75201

*Attorneys for Plaintiff IPA Technologies Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
tmurray@morrisnichols.com

OF COUNSEL:
Michael C. Hendershot
Evan McLean
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3939

Krista S. Schwartz
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 626-3939

*Attorneys for Defendant Google LLC*